CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 8 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOYCE BURTON SAWYERS, )
)  Civil Action No. 7:14CV00027
    Plaintiff, )
)
v. )  **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )  By:   Hon. Glen E. Conrad
)         Chief United States District Judge
    Defendant. )

    Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

    The plaintiff, Joyce Sawyers, was born on August 16, 1958, and eventually completed her college education. Mrs. Sawyers received a bachelor's of business administration degree. (TR 43). Plaintiff has worked primarily as a customer service representative for a satellite television provider and as a newspaper delivery driver. She last worked on a regular and sustained basis in

2011. On June 27, 2011, Mrs. Sawyers filed an application for a period of disability and disability insurance benefits. Shortly thereafter, she also filed an application for supplemental security income benefits. In filing her applications, plaintiff alleged that she became disabled for all forms of substantial gainful employment on June 24, 2011, due to chronic diabetic neuropathy in her legs and feet; diverticulosis; depression; anxiety attacks; back deterioration and narrowing of the spinal canal; sleep apnea; diabetes; and classical migraines. Mrs. Sawyers now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Sawyers' applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 27, 2013, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Sawyers suffers severe impairments, including peripheral neuropathy; diabetes mellitus; morbid obesity; obstructive sleep apnea; degenerative changes in the lumbar and cervical spine, osteoarthritis of knees; and degenerative changes n the left shoulder. (TR 25). While the Law Judge also noted that Mrs. Sawyers also suffers from hypertension and numbness in her right fingers, the Law Judge held that these difficulties are not severe and amenable to treatment. The Law Judge noted that plaintiff experiences some emotional symptoms, including depression and moodiness. However, the Law Judge observed that Mrs. Sawyers has not been treated by mental health providers for these difficulties. The Law

2

Judge ruled that Mrs. Sawyers does not experience any severe psychiatric or psychological impairments. (TR 26-28). Nevertheless, based primarily on plaintiff's musculoskeletal problems, the Law Judge determined that Mrs. Sawyers is incapable of performing more than a limited range of sedentary work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, this Administrative Law Judge finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) as follows: lift and carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours of an 8-hour workday and stand and/or walk for 2 hours in an 8 hour workday; frequent reaching overhead bilaterally; no crawling or kneeling; occasional balancing, stooping, crouching, and climbing of ramps and stairs; and avoidance of even moderate exposure to temperature extremes and excess humidity, pollutants and irritants, hazardous machinery, unprotected heights, and vibrating surfaces; no climbing of ladders, ropes or scaffolds; and no jobs that require driving.

(TR 30). Given such a residual functional capacity, and after considering plaintiff's age, education, and work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mrs. Sawyers retains the capacity to return to her past relevant work as a customer service representative. (TR 31). Accordingly, the Law Judge ultimately concluded that Mrs. Sawyers is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Sawyers has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered

3

in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Sawyers suffers from a variety of musculoskeletal problems, complicated by peripheral diabetic neuropathy. Objective studies have revealed fairly severe spinal stenosis in her lumbar spine, as well as degenerative changes in her cervical spine, lumbar spine, left shoulder, and knees. She also experiences morbid obesity. For the most part, Mrs. Sawyers has received conservative treatment for her physical discomfort. She has been seen on a regular basis at The Pain Center of Christiansburg. Based on the reports from the Pain Center, it is clear that plaintiff is disabled for anything other than a limited range of sedentary work activity. Indeed, three nurse practitioners who have evaluated Mrs. Sawyers have produced reports indicating that she is disabled for all forms of work.

The difficulty in this case is that there are no "acceptable medical sources," within the meaning of 20 C.F.R. §§ 404.1513(a) and 416.913(a), who have submitted evidence documenting total disability. Based on his examinations at the Pain Center, Dr. Don Bivins, a treating neurologist, has submitted several functional assessments. (TR 570-71, 572-73). While plaintiff suggests that Dr. Bivins' assessment forms are incomplete, it is clear that Dr. Bivins responded to certain of the questions on the forms, and that he did not suggest that Mrs. Sawyers is totally

4

disabled. An orthopaedic specialist, Dr. Jeffery R. Chain, assessed plaintiff's knee problems on referral from the Pain Center. Dr. Chain listed physical findings as follows:

> Well-developed woman awake alert and oriented in no acute distress. She walks with a mild limp on the right. The right knee has no soft tissue swelling, ecchymosis, redness, or effusion. Range of motion of the right knee is 0° to 120°. There is tenderness under the patellar facets with less tenderness along the medial and lateral joint lines. Her collateral and crucial ligaments are stable. McMurray's is negative. Skin and neurovascular exams are intact to the right lower extremity.

(TR 689). Dr. Chain diagnosed mild degenerative arthritis in both knees.

Dr. Raymond V. Harron, a neurosurgeon evaluated Mrs. Sawyers on November 26, 2012, also on referral from the Pain Center. Dr. Harron summarized plaintiff's complaints as follows:

> I had the pleasure of evaluating Ms. Sawyers today in my office. She is a 54-year-old white female who presents for evaluation of low back pain and pain radiating into her legs when she stands and ambulates predominantly. She also has some neck symptoms. She states her back problems have been ongoing for several years and for at least the last two years she feels they are getting progressively worse. She states that she cannot walk as far as she has in the past because of increasing pain in her back and down into her legs. She denies bowel or bladder dysfunction associated with her symptoms. She is currently in pain management for her problem.

(TR 699). The neurosurgeon submitted the following clinical findings and impressions:

> On examination, she goes from a sitting to a standing position well. She stands pretty erectly but has a little bit of an anthropoid posture. She walks without limping. She walks without assistive devices. No muscular atrophy of the lower extremities is appreciated. Her lower extremity motor power is strong bilaterally. Babinski sign is absent bilaterally. No ankle clonus is noted. Her lower extremity motor power is strong bilaterally at this time.
>
> She has an MRI scan of the lumbar spine with her today dated 11/06/12. She has fairly severe spinal stenosis at the L3/L4 and L4/L5 levels. She has degenerative changes noted at other levels with facet degenerative disease which is pretty severe at the lower lumbar spine.

5

> I did review the results of the study with her today. She states that she has already been through lumbar epidural steroid injections about a year ago. They did not give her any relief of her symptoms.
>
> I did discuss with her laminectomy and foraminotomy at L3/L4 and L4/L5. I did review the surgical procedure itself, its risks, complications, and limitations with her. She asked about laser spine surgery. I told her that procedure is not done in this area, but I did refer her to some internet web site she can go to for further information regarding this problem. She is not sure how she would like to proceed at this time and would like to have some time to think about her options.

(TR 699-700).

Finally, the court notes that the Law Judge relied on functional assessments completed by two, nonexamining state agency physicians. In a report dated August 19, 2011, Dr. Robert Keeley submitted findings which indicate that plaintiff could be expected to work for a total of eight hours each day, if she is allowed to occasionally change positions. (TR 70-72). Another state agency physician, Dr. Richard Surrusco, offered similar impressions in a report completed on February 25, 2002. (TR 92-95).

The court believes that the Law Judge reasonably relied on the reports from Dr. Bivins, Dr. Chain, Dr. Harron, Dr. Keeley, and Dr. Surrusco in concluding that Mrs. Sawyers is not disabled for past relevant work. After assessing plaintiff's residual functional capacity, the Law Judge also received input from a vocational expert who specifically concluded that Mrs. Sawyers could return to the customer service representative position. (TR 60). It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are fully consistent with the evidence in this case. In short, while the medical reports are in conflict, the court believes that there is substantial evidence to support the Law

Judge's determination that plaintiff retains the residual functional capacity to perform past relevant work. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, Mrs. Sawyers maintains that the Administrative Law Judge failed to give adequate weight to the reports of three nurse practitioners, all of whom produced functional assessments which support a finding of total disability.[1] Mrs. Sawyers notes that she has been seen by the nurse practitioners on a much more regular basis than by any of the medical doctors in this case. Finally, Mrs. Sawyers points out that, under Social Security Ruling 06-03p, it is necessary for the Commissioner to consider evidence from medical personnel, such as nurse practitioners, who do not qualify as acceptable medical sources under the regulations, 20 C.F.R. §§ 404.1513(a) and 416.913(a).

While the court believes that it is somewhat bothersome that the Law Judge stated that she gave "no weight to the opinions of the nurse practitioners," (TR 31), the court must conclude that the Law Judge reasonably gave greater weight to the findings from the acceptable medical sources. All of the nurse practitioners worked under the supervision of Dr. Bivins. Yet, it is undisputed that Dr. Bivins did not state that Mrs. Sawyers experiences a disabling level of subjective discomfort. Moreover, Dr. Harron and Dr. Chain both saw plaintiff on referral from the Pain Center. The court agrees that a fair reading of the reports from these two specialists supports the finding that plaintiff is not disabled for sedentary levels of work activity. Finally, in what is otherwise a close case, the court believes that the Law Judge reasonably relied on input

---

[1] As correctly noted by the plaintiff, the Law Judge actually took note of reports from only two of the nurse practitioners, Carol Ballard and Faye Lyons. A third nurse practitioner, Douglas Larner, also assessed plaintiff's functional capabilities. (TR 565). While Mr. Larner's report also appears to be incomplete, he suggested that Mrs. Sawyers "must alternate frequently" between sitting, standing, and walking. The court agrees that Mr. Larner's report suggests that plaintiff is not able to perform work on a sustained basis.

7

from the state agency physicians, especially since those doctors are trained in matters of disability assessment. Accordingly, the court concludes that the Law Judge did not err in declining to fully credit the reports and opinions from the nurse practitioners.

On appeal, Mrs. Sawyers also contends that the Law Judge improperly discounted testimony given by plaintiff at the administrative hearing on May 30, 2013. Without question, Mrs. Sawyers' testimony indicates that she is no longer able to do even the sedentary work activity she previously performed as a customer service representative. However, in terms of plaintiff's subjective complaints, it must be noted that, in order for pain to be deemed disabling, there must be objective medical evidence establishing the existence of some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, as outlined above, the court believes that the objective evidence does not document the existence of any medical condition which could be expected to prevent performance of sedentary levels of work activity. Indeed, the neurosurgeon, Dr. Harron, produced physical findings which arguably suggest residual functional capacity for a greater measure of activity. Likewise, Dr. Chain produced unremarkable physical findings. Perhaps most importantly, Dr. Bivins' reports simply do not support the notion that Mrs. Sawyers is totally disabled due to subjective discomfort. In short, the court finds substantial evidence to support the Law Judge's resolution of the credibility issues in Mrs. Sawyers' case.

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is free of all pain in her back and legs. It is essentially undisputed that Mrs. Sawyers has experienced degenerative changes and circulatory problems which prevent performance of lighter

8

forms of work activity. However, the fact remains that no acceptable medical source has identified any mechanical problems or circulatory impairment which could be expected to prevent performance of sedentary work activity. Indeed, all of the doctors in this case have suggested that plaintiff's pain complaints can be addressed through conservative, noninvasive medical treatment. It is well settled that the inability to do work without any discomfort, does not of itself render a claimant totally disabled. Craig v. Chater, supra., 594-95. The court believes that the Commissioner considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 8th day of October, 2014.

_____
Chief United States District Judge